Honorable Mike Driscoll Harris County Attorney 1001 Preston, Suite 634 Houston, Texas 77002
Re: Whether employees of the Harris County Pre-trial Release Agency are state or county employees
Dear Mr. Driscoll:
You have requested our opinion with regard to two matters related to persons employed by the Harris County pre-trial bond board, which the county denominates the Harris County Pre-trial Release Agency [hereinafter the "Agency"]. The first issue is whether those individuals are state or county employees. If these individuals are found to be county employees, the next issue is what is the rate of pay under the Fair Labor Standards Act should be for an applicant who is an employee of another county agency and a part-time employee for the Agency. We first conclude, for the reasons below, that under the circumstances currently, those individuals are employees of Harris County. We also conclude that the county is required to comply with section 207(a)(1) of the Fair Labor Standards Act of 1938, as amended, when computing the rate of pay of a county employee regardless of whether he is employed by two separate county departments or agencies.
In regard to the first issue, there is no authority within the state of Texas to establish a personal bond office except as provided by the state legislature. In 1973, the Sixty-third Legislature enacted article 2372p-2, V.T.C.S., authorizing the establishment of a personal bond office in two circumstances. An office may be established by the commissioners court or by a judicial district. The provision provides the following in part:
 Section 1. Any county, or any judicial district with jurisdiction in more than one county, with the approval of the commissioners court of each county in the district, may establish a personal bond office to gather and review information about an accused that may have a bearing on whether he will comply with the conditions of a personal bond and report its findings to the court before which the case is pending.
 Sec. 2. (a) The commissioners court of a county that establishes the office, or the district and county judges of a judicial district that establishes the office, may employ a director of the office.
 (b) The director may employ the staff authorized by the commissioners court of the county or the commissioners courts of each county in the judicial district if the judicial district includes more than one county. (Emphasis added).
V.T.C.S. art. 2372p-2, § 1. The purpose of the personal bond office is to provide the district judge with information to determine the eligibility of accused persons for release on recognizance. See V.T.C.S. art. 2372p-2, § 1.
In our opinion, the intention of the legislature in enacting section 2 was that the commissioners court would be the employer of the director and staff of the personal bond office, if the county established the office. See V.T.C.S. art. 2372p-2, § 2(a). Even in the second circumstance, where a judicial district is authorized to establish an office, the commissioners court must give its approval of the staff before they may be employed by the director. Id. § 2(b). However, the district and county judges of the judicial district that established the office, are authorized to employ the director of the office. Id. § 2(a).
The Harris County commissioners court established a county personal bond office and employed a director and staff pursuant to article 2372p-2, V.T.C.S. In compliance with the legislative intent, we conclude that the staff — those persons employed by the Pre-trial Release Agency of Harris County — are employees of the county.
In 1975, a reorganization of the office was ordered by a federal district judge in an effort to reduce the Harris County jail population. It specified that the
 [o]perational control of the Harris County Pre-trial Release Agency is hereby transferred to the state District Judges of Harris County, Texas. The Commissioners Court retains budgetary approval of the agency.
Alberti v. Sheriff of Harris County, Texas, 406 F. Supp. 649, 674
(S.D.Tex. 1975). Your letter indicated that the Agency is funded by Harris County as a part of the Adult Probation Department's budget and the Agency's employees have been subject to the county's personnel regulations. You argue that this judicial reorganization of the Agency has caused the Agency's employees to come under the control and supervision of the state district judges and, thus, like the employees of the Adult Probation Department, they are state employees. See Code Crim.Pro. art.42.12, § 10; Clark v. Tarrant County, 608 F. Supp. 209 (N.D.Tex. 1985). We disagree with this analysis. First, the sole intent behind article 42.12 of the Code of Criminal Procedure was to place the Adult Probation Department totally within the state judiciary. See Clark v. Tarrant County, supra, at 211. Secondly, the analysis is contrary to the organizational structure contemplated by the legislature in article 2372p-2, V.T.C.S.
As indicated above, the purpose of a personal bond office organized pursuant to article 2372p-2 is to gather and review information that may have a bearing on an accused as to whether that individual will comply with the conditions of personal bond. See V.T.C.S. art. 2372p-2, § 1. This information is to be reported to the court. Id. This is also the only relationship that the legislature intended to exist between the district judges and the Agency when the county commissioners have established the office. The judicial order did not alter this limited relationship. We are not authorized to review nor alter any judicial order in the opinion process; but, we can conclude that the order does not create a conflict in the relationship between the Agency employees and the commissioners court as intended by the legislature. See Attorney General Opinion JM-287
(1984). The order does not circumvent the commissioners court's employing authority as provided for in section 2 of article 2372p-2. Therefore, these individuals are employees of the county.
In regard to the second question, you inform us that Harris County is in the process of evaluating those employees subject to the minimum wage and overtime provisions of the Fair Labor Standards Act of 1938, as amended, in light of a recent United States Supreme Court decision. 29 U.S.C. § 201 (1982) et seq.; see also Garcia v. San Antonio Metropolitan Transit Authority, ___ U.S. ___, 105 S.Ct. 1005 (1985). You also inform us that an employee of the Harris County Juvenile Probation Department has applied for part-time employment with the Agency. At the present time, the applicant, a county employee, works at least forty hours per week for the Juvenile Probation Department. You ask what the proper rate of pay after his forty-hour work week with the Juvenile Probation Department would be if the applicant is employed by the Agency.
The applicant is included within the Fair Labor Standards Act's definition of a covered employee. See 29 U.S.C. § 203(e)(2)(C) (1982) (individual employed by a political subdivision of a state). The act makes no exception for district divisions of a political subdivision. Section 207(a)(1) of the act provides in part:
 no employer shall employ any of his employees . . . for a work-week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed. (Emphasis added).
29 U.S.C. § 207(a)(1) (1982). Since the applicant will at all times be employed as a county employee within a staff position, we conclude that the county must comply with section 207(a)(1) in computing his rate of pay.
 SUMMARY
When a county commissioners court establishes a personal bond office pursuant to article 2372p-2, V.T.C.S., those individuals employed by the office are county employees.
A county is also required to comply with section 207(a)(1) of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. § 207(a)(1) (1982) when computing the rate of pay of a county employee regardless of whether he is employed by two separate county departments or agencies.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Tony Guillory Assistant Attorney General